James P. McLoughlin, Jr. (N.C. Bar No. 13795) (admitted *pro hac vice*)
jimmcloughlin@mvalaw.com
Alton L. Gwaltney, III (N.C. Bar No. 32394) (admitted *pro hac vice*)
larrygwaltney@mvalaw.com
Mark A. Nebrig (N.C. Bar No. 28710) (admitted *pro hac vice*)
MOORE & VAN ALLEN PLLC
100 North Tryon Street, Suite 4700
Charlotte, NC  28202-4003
Telephone:  (704) 331-1000
Facsimile:  (704) 331-1059

Malcolm A. Heinicke (State Bar No. 194174)
Munger, Tolles & Olson LLP
560 Mission Street
Twenty-Seventh Floor
San Francisco, CA  94105-2907

Attorneys for Defendant REXAM, INC.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| | |
|---|---|
| BERENICE ANGOTTI, DANIEL BORRERO, RALPH E. COWLEY, JACK GRIFFITH, DONALD S. MUELLER, KENT D. RUSSELL, SR., BERNARD W. SCHREINER, and RAYMOND VALLI, on Behalf of Themselves and Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>REXAM INC.<br><br>Defendants. | Case No. 4:05-CV-05264-CW<br><br>**CONSENT PROTECTIVE ORDER** |

WHEREAS, discovery in this action may require the exchange of proprietary and confidential business information developed by Defendant Rexam Inc. and the exchange of confidential health, medical, or insurance information regarding Plaintiffs Berenice Angotti, Daniel Borrero, Jack Griffith, Kent Russell, and Bernard Schreiner (collectively, the "Plaintiff Class Representatives"), and certain unnamed members of the prospective Plaintiff Class;

~1572628                                                      1

WHEREAS, the parties seek a protective order in connection with the exchange of such information pursuant to Federal Rule of Civil Procedure 26(c) and have shown good cause;

IT IS HEREBY ORDERED:

1. For purposes of this Order, "Confidential Information" shall mean:

    (a) All material or information in tangible form, regardless of the form of the media in which it is provided, that is stamped, labeled, or otherwise marked as "Confidential;"

    (b) All material or information that cannot be reduced to tangible form if it is identified as being "Confidential" when disclosed or if it is accompanied by a notice or a writing so marked and delivered to the receiving party;

    (c) All or part of any deposition testimony that counsel for any party shall so designate as "Confidential" at the deposition, on the record, or within fifteen (15) business days following receipt of the deposition transcript from the court reporter;

    (d) All material or information discussed in Paragraph 2, whether or not such information is identified or marked as "Confidential"; and

    (e) All copies, excerpts, summaries, or descriptions of material or information identified or marked as "Confidential."

2. The parties also recognize that during the course of discovery or other phases of this litigation it may become necessary for one or more parties or the Court to request or disclose health, medical or insurance information or information from individual retirees' medical or welfare benefits files. The parties further recognize that some or all of this information may be confidential and protected under the Health Insurance Portability and Accountability Act of 1996, as amended ("HIPAA"), or other federal or state laws and that this information may only be released in compliance with these laws. The parties understand that under HIPAA, it may be necessary to secure an order from the Court to accomplish the release of protected health information. To the extent such

~1572628

2

CONSENT PROTECTIVE ORDER

information is properly requested in accordance with Rule 34 of the Federal Rules of Civil Procedure and no objection or privilege is raised, the Plaintiffs agree to execute an Authorization of Disclosure Form, attached as Exhibit A, to facilitate the disclosure of this information, and Plaintiffs and/or their counsel agree to request non-party retirees to execute the same Authorization.  If individual retiree medical information or welfare benefit file documents are received from a third party, they shall be presumptively treated as Confidential Information regardless of whether the third party identifies or marks them as "Confidential."

   3. For all purposes under this Protective Order, a party may not designate, mark or otherwise identify a document or other item as "Confidential" unless it is based on a good faith belief that the document or item contains information that the producing party believes in good faith to be private, proprietary, or generally withheld from the public and that designating it as "Confidential" is appropriate under the discovery provisions of the Federal Rules of Civil Procedure.  Further, if requested by the opposing party, the party asserting that an item is "Confidential" will state with particularity the reasons relied upon and basis for so doing.  To the extent feasible, all "Confidential Information" shall be stamped as such prior to its production.  If the disclosing party inadvertently fails to properly identify or mark as "Confidential" material or information for which it desires treatment pursuant to this Order, it shall so inform the receiving party in writing within fifteen (15) days of such discovery, and the receiving party shall thereupon either mark their copies "Confidential" or return the unmarked materials and all copies thereof, at which time the disclosing party shall provide and substitute properly marked material or information. The receiving party's obligations under this Order in connection with Confidential Information shall commence upon notice from the disclosing party of the failure to properly identify or mark the material or information.

   4. Subject to the provisions of Paragraph 5, persons authorized to receive Confidential

Information (hereinafter "qualified recipient") shall include only:

    (a) Attorneys retained by the receiving party and members of the paralegal, secretarial, or clerical staff who are involved in the representation of the receiving party in this action;

    (b) The Court, its personnel, and shorthand reporters or videographers who take and transcribe testimony in connection with this action, as well as necessary secretarial and clerical assistants;

    (c) Deposition witnesses in this action to whom counsel for a party reasonably believes it necessary to show Confidential Information;

    (d) Experts or consultants engaged by the parties or counsel and their members or employees; and

    (e) A named party, a named party's in-house counsel, or a named party's designated employee(s), principal(s), partner(s) or officer(s) to whom counsel for the named party reasonably believes it necessary to show such Confidential Information.

5. Counsel desiring to disclose Confidential Information to any qualified recipient identified in Paragraph 4(c), 4(d), or 4(e) shall have such person:

    (a) Read this Order and the Non-Disclosure Agreement attached hereto as Exhibit B; and

    (b) Execute a Non-Disclosure Agreement in the form attached hereto as Exhibit B.

6. Counsel shall maintain the originals of all Non-Disclosure Agreements executed pursuant to Paragraph 3(b). Upon request, counsel shall furnish an affidavit stating that all individuals who have had access to Confidential Information pursuant to Paragraphs 4(c), 4(d), and 4(e) signed a Non-Disclosure Agreement prior to reviewing such information. For each person who is designated as a testifying expert, counsel for the receiving party shall provide a copy of the executed Non-Disclosure Agreement to opposing counsel on the date expert reports are required to

be served or, if no such time shall be fixed, then at the time of the expert's designation.

7. Confidential Information shall:

(a) Be held in confidence by each qualified recipient to whom it is disclosed, shall be used only for purposes of this action and for no other purpose or litigation, and shall not be disclosed or made accessible to any person who is not a qualified recipient;

(b) Be maintained in a manner that is reasonably designed to prevent access by or disclosure to any unauthorized person;

(c) Not be copied or reproduced (in whole or in part) except as is required for this action;

(d) Be filed with or presented to this or any other Court in a sealed envelope marked "Confidential: Subject to Protective Order" or otherwise identified or marked as "Confidential." Submissions of confidential information to this Court will be governed by Local Rule 79-5. Confidential information filed with a Court is not subject to subsection (e) of this Paragraph and shall continue to be maintained by the Court pursuant to Local Rule 79-5(f); and

(e) Be returned to the producing party or destroyed within sixty (60) days of the entry of a final, nonappealable order in this action or execution of a settlement agreement, whichever is earlier. In addition, any notes, summaries, or other work product, derived in whole or part from the Confidential Information, shall be destroyed. If asked, Counsel for the receiving party shall advise counsel for the producing party in writing, under oath, that these tasks have been completed within the sixty-day period.

8. With regard to the use or disclosure of Confidential Information during deposition testimony, counsel for the producing party can either designate certain testimony as Confidential Information at the deposition, or within fifteen (15) days after receipt of the transcript from the stenographer, the parties may designate certain portions of testimony as Confidential Information.

~1572628

5

9. Exchanges of Confidential Information by any of the parties or their counsel shall not be deemed a waiver by that party of any objection as to the relevancy, materiality, or admissibility of the Confidential Information.

10. Nothing in this Order shall be deemed to preclude the parties from seeking and obtaining, on an appropriate showing, such additional protection with respect to Confidential Information as the parties may consider appropriate.

11. Any party may request that the party asserting confidentiality remove the Confidential Information designation with respect to all or part of any document, thing, and/or information, and, in the event the dispute remains unresolved, the party may move the Court for an order removing the Confidential Information designation.   The failure of a party to challenge a claim of confidentiality shall not constitute acquiescence to such a claim if a question is later raised.

12. Nothing in this Order shall affect or restrict the rights of any party with respect to its own documents or with respect to information known to it prior to, or independent of, discovery in this action.  Further, consent by a party to this Order does not constitute a waiver of any right under a pre-existing contract.

13. The terms of this Order shall not terminate at the conclusion of this action.  The Court retains jurisdiction to enforce the provisions of this Order for as long as appropriate and to make such arrangements, modifications, and additions to this Order as the Court may deem appropriate.

14. This Order shall be binding on the parties and their counsel upon execution; however, the provisions of this Order will apply to all exchanges of information designated "Confidential" and exchanged, furnished, or disclosed simultaneously with or prior to the entry of this Order by the Court.

15. This Order may be executed in counterparts.

SO ORDERED this 10TH day of August, 2006.

/s/ CLAUDIA WILKEN

_____

Honorable Claudia Wilken
United States District Judge

SO STIPULATED:

/s/
James P. McLoughlin, Jr.
Alton L. Gwaltney, III
Mark A. Nebrig
Moore & Van Allen PLLC
Suite 4700
100 North Tryon Street
Charlotte, NC 28202-4003
(704) 331-1000

/s/
Sally M. Tedrow
Francis J. Martorana
O'Donoghue & O'Donoghue LLP
4748 Wisconsin Avenue, NW
Washington, DC 20016
(202) 362-0041

/s/
Malcolm A. Heinicke
(State Bar No. 194174)
heinickema@mto.com
Munger, Tolles & Olson LLP
560 Mission Street
Twenty-Seventh Floor
San Francisco, CA 94105-2907

/s/
Isaiah B. Roter (SBN 82743)
Muriel B. Kaplan (SBN 124607)
Michele R. Stafford (SBN 172509)
Saltzman & Johnson Law Corporation
120 Howard Street
Suite 520
San Francisco, CA 94105

# EXHIBIT A:  AUTHORIZATION OF DISCLOSURE FORM

███████████████████████████████████████████████████

I, _____ (print or type name), hereby authorize the use and/or disclosure of my protected health information as described below.

In connection with an action pending in the U.S. District Court for the Northern District of California styled *Angotti, et al. v. Rexam, Inc.* (hereinafter referred to as the "Litigation"), I authorize the use and disclosure of all of my past, present or future health claims and/or medical records (hereinafter referred to as my "Protected Health Information") for any purpose connected with the Litigation. Only the parties to the Litigation, their respective attorneys, and their experts, consultants, and agents are authorized to receive, use or disclose my Protected Health Information pursuant to this Authorization.

I understand the following with respect to this Authorization:

- Protected Heath Information used or disclosed pursuant to this Authorization may be subject to redisclosure by the recipient of such information and, at that point, the information may no longer be protected by federal privacy regulations or the terms of this Authorization.

- I may refuse to sign this Authorization and my refusal to sign will not affect my ability to enroll in, or eligibility for, benefits under a health plan maintained by Rexam, Inc. or to obtain treatment or payment for my treatment**.**

- I may revoke this Authorization in writing at any time by sending a letter to Sally Tedrow at O'Donoghue & O'Donoghue LLP, 4748 Wisconsin Avenue, NW, Washington, DC 20016, Tel: (202) 362-0041, Fax: (202) 362-2640.  If I revoke this Authorization, uses or disclosures covered by this Authorization will stop, except to the extent that the person or organization authorized to use or disclose my Protected Health Information has already taken action in reliance upon the Authorization.

This Authorization expires upon the final resolution of the Litigation including any appeals.

_____     _____
Signature of Individual or Personal Representative                    Date

If signed by the individual's personal representative, explain the personal representative's authority to act on behalf of the individual. _____
_____
_____

**EXHIBIT B: NON-DISCLOSURE AGREEMENT**

I, _____, have reviewed the terms of the Consent Protective Order governing the exchange of information in the action styled *Angotti, et al. v. Rexam Inc.* (Case No. 05-CV-5264-CW) and pending in the United States District Court for the Northern District of California, and I agree to observe its terms and be bound thereby.

Dated: _____     By: _____

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

I, _____, a Notary Public of _____ County and the State of _____, do hereby certify that _____ personally appeared before me this day and acknowledged the execution of the foregoing instrument.

Witness my hand and notarial seal this \_\_\_\_ day of _____, _____.

_____
Notary Public

My Commission Expires:

_____