IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERENICE ANGOTTI, DANIEL BORRERO, JACK GRIFFITH, KENT D. RUSSELL, SR., and BERNARD W. SCHREINER, on behalf of themselves and all others similarly situated,<br><br>           Plaintiffs,<br><br>     v.<br><br>REXAM, INC. and REXAM, INC., PENSION AND BENEFITS COMMITTEE,<br><br>           Defendants.<br>_____/ | No. C 05-5264 CW<br><br>ORDER GRANTING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF CLASS COUNSEL |

     Plaintiffs Berenice Angotti, Daniel Borrero, Jack Griffith, Kent D. Russell, Sr., and Bernard W. Schreiner have filed a motion (docket number 129) for certification of two Plaintiff Classes. Defendants Rexam, Inc. and Rexam, Inc., Pension and Benefits Committee (collectively, Rexam) oppose the motion in part and propose dividing one of the classes into two subclasses. Rexam

gives notice of non-opposition to certification of the other class and appointment of class counsel. The matter was decided on the papers. Having considered all of the papers filed by the parties, the Court GRANTS Plaintiffs' motion.

## BACKGROUND

Plaintiffs are retired former employees of Rexam who are eligible for health and other welfare benefits administered by Rexam's Pension and Benefits Committee. Plaintiffs seek certification of two classes consisting of retirees and the spouses or surviving spouses of retirees who retired between 1960 and the present, and who have had their retiree benefits unilaterally terminated by Rexam:

> The San Leandro/Modesto Class (SLM Class) is composed of retirees, and spouses and surviving spouses of retirees, who retired from the company's San Leandro or Modesto, California facilities and were covered by an independent agreement negotiated between an International Association of Machinists and Aerospace workers (IAM) affiliate and Rexam or a predecessor.
> 
> The Kent/Vancouver/Gary Class (KVG Class) consists of retirees, and spouses and surviving spouses of retirees, who retired from Kent or Vancouver, Washington or Gary, Indiana facilities covered by an independent agreement negotiated between an IAM affiliate and Rexam or a predecessor.

Plaintiffs estimate that there are approximately 273 members of the SLM Class and 72 members of KVG Class. (Plaintiff's Memo. at 10.) Rexam does not oppose the certification of the KVG Class and argues only that the SLM Class should be split into two subclasses pursuant to Rule 23(c)(4)(B).

Effective January 1, 2002, Rexam unilaterally changed the prescription drug benefits provision of its retiree health plans,

2

1  raising out-of-pocket costs for Plaintiffs and members of the two
2  proposed classes.  (Complaint ¶ 25; Answer ¶ 25.)  In
3  correspondence sent in September, 2005 to the members of both
4  classes, Rexam announced that all medical and prescription drug
5  benefits would be discontinued for Medicare-eligible retirees,
6  effective January 1, 2006.  (Martorana Decl. ¶ 11.)  On January 1,
7  2006, Rexam terminated all benefits as previously announced.
8  (Second Amended Answer and Counterclaim ¶ 44.)

9  Plaintiffs and the two proposed classes contend that Rexam's
10 unilateral changes to their retiree health benefits violated the
11 applicable collective bargaining agreements (CBAs) and the retiree
12 health plans that Rexam was required to maintain pursuant to the
13 CBAs.  Plaintiffs have asserted claims against Rexam under Section
14 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185,
15 and Section 502 of the Employee Retirement Income Security Act of
16 1974, as amended, 29 U.S.C. § 1132.

17 The independent CBAs provide that retirees eligible for
18 pensions will also receive health benefits for themselves, their
19 spouses and their surviving spouses.  Defendants contend that the
20 SLM Class should be divided into two subclasses because a 1991
21 change in the language used in the San Leandro and Modesto
22 facilities' independent CBA might create a conflict of interest
23 between Plaintiffs and some absent class members.

24 The San Leandro and Modesto plants' CBAs at all relevant times
25 set forth the total maximum medical benefits to be received "during
26 the life of the employee" and "during the life of the spouse . . .
27 so long the spouse does not remarry in the event of the pensioned

3

employee's death."  (June 14, 2006 Order at 2).  The most recent San Leandro and Modesto plant retiree group insurance plan (the Post-1991 Plan) took effect on May 1, 1991.  (Tedrow Decl., Exh. A-2.)  This plan advised, "Your coverage is continued for the rest of your life," and that, if the retiree should predecease his or her spouse, the spouse's coverage would "be continued for the remainder of their life or remarriage."  (June 14, 2006 Order at 3.)  The plan for San Leandro and Modesto plant retirees in effect before the Post-1991 Plan, (the Pre-1991 Plan) in contrast, provided, "Insurance for yourself and your dependent will terminate when you are no longer eligible or if the group policies terminate."  (June 14, 2006 Order at 24.)

Despite the difference in language used in the plans, it is Plaintiffs' contention that both the Pre-1991 Plan and the Post-1991 Plan provide for vested lifetime benefits.  (Plaintiffs' Complaint ¶¶ 41-42.)  In support thereof, Herman Howell, a former San Leandro plant employee who became the local IAM business representative in 1985 and the chief negotiator for the IAM's San Leandro and Modesto employees in 1988, declares,

> It has always been my understanding that retiree health benefits were guaranteed for the lives of the retiree and his eligible spouse unless the spouse remarried.  By the time I became involved in negotiations, retiree health benefits had been provided under the collective bargaining agreement for several years and most of the discussions about these benefits were negotiations over improvement in these benefits, not discussions about the duration of these benefits, which the Union believed was long settled.

Howell Decl. ¶ 6.

Most of the Kent, Vancouver and Gary CBAs explicitly promise, "Major Medical coverage will be extended to cover retired employees

4

1  for their lifetime."  As noted above, Rexam does not oppose
2  certification of the Kent/Vancouver/Gary class.

## LEGAL STANDARD

A court may certify a class action only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.  Fed. R. Civ. P. 23(a).  In addition to meeting the requirements of Rule 23(a), to bring a class action, a plaintiff must also satisfy the requirements of one of the subsections of Rule 23(b).

The party seeking class certification bears the burden of demonstrating that each element of Rule 23(a) is satisfied. Doninger v. Pacific N.W. Bell, Inc., 564 F.2d 1304, 1308 (9th Cir. 1977).  The Court may certify a class only if, after "rigorous analysis," it determines that the party seeking certification has borne its burden.  General Tel. Co. v. Falcon, 457 U.S. 147, 158-61 (1982); Hanlon v. Dataproducts Corp., 976 F.2d 497, 509 (9th Cir. 1992).  This determination, however, is committed to the district court's discretion.  Califano v. Yamasaki, 442 U.S. 682, 703 (1979).

For the purposes of determining class certification, the court must take the allegations in the complaint as true.  Blackie v. Barrack, 524 F.2d 891, 901 n.14 (9th Cir. 1975).  Although some inquiry into the merits is necessary, it is improper to advance a

5

decision on the merits at the certification stage.  <u>Eisen v. Carlisle & Jacqueline</u>, 417 U.S. 156, 1677-78 (1974).

## DISCUSSION

I.  Certification of the San Leandro/Modesto Class

Rexam opposes certification of the SLM Class on the grounds that the proposed class does not meet the requirements of Rule 23(a)(2)-(4).  It therefore proposes that the SLM Class be divided into subclasses.

    A.  Numerosity

"The prerequisite of numerosity is discharged if 'the class is so large that joinder of all members is impracticable.'"  <u>Hanlon</u>, 150 F.3d at 1019 (quoting Fed. R. Civ. P. 23(a)(1)).  It would be impracticable for all 273 members of the proposed SLM class to be joined in the present action.  Rexam does not deny the numerosity of the SLM Class.  The Court finds that this requirement is satisfied.

    C.  Commonality

"A class has sufficient commonality 'if there are questions of fact and law which are common to the class.'"  <u>Hanlon</u>, 150 F.3d at 1019 (quoting Fed. R. Civ. P. 23(a)( 2)).  "All questions of fact and law need not be common to satisfy this rule.  The existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with

6

disparate legal remedies within the class." Hanlon, 150 F.3d at 1019.

Rexam argues that the claims of the proposed class members lack commonality because the benefits owed to class members derive from agreements containing different language. Relying on Hanlon, Rexam argues that all class members' claims must stem from the same source and therefore must derive from the same contract language.

However, Plaintiffs allege in their complaint that all class members' benefits were intended to last for their lifetimes. (Plaintiffs' Complaint ¶¶ 41-42.) The Court may not decide this issue at the certification stage but must accept this allegation as true. Blackie, 524 F.2d at 901 n.14. Therefore, the Court finds for the purposes of this motion that the question of whether Rexam's termination of benefits was lawful is common to all members of the SLM Class. Additionally, the factual question of whether Rexam terminated these benefits is common to all class members. Because there are issues of fact and law common to all class members, the Court finds that the proposed class meets the commonality requirement of Rule 23(a)(2).

C. Typicality

"The typicality prerequisite of Rule 23(a) is fulfilled if 'the claims or defenses of the representative parties are typical of the claims or defenses of the class.'" Hanlon, 150 F.3d at 1020

7

(quoting Fed. R. Civ. P. 23(a)(3)). The test for typicality is "whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." Hanon v. Dataproducts Corp., 976 F.2d 497, 508 (9th Cir. 1992) (quoting Schwartz v. Harp, 108 F.R.D. 279, 282 (C.D. Cal. 1985)). "[R]epresentative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." Hanlon, 150 F.3d at 1020.

Rexam argues that because all of the named Plaintiffs retired under Post-1991 Plans, their claims are not typical of the claims of SLM class members who retired under Pre-1991 Plans. However, Plaintiffs claim to have suffered the same injury as the rest of the SLM class: wrongful termination of benefits. Additionally, Plaintiffs claim that the same course of conduct, Rexam's 2002 prescription drug co-pay change and 2006 termination of benefits, injured themselves and all members of the SLM class. Rexam does not argue that the action is based on conduct unique to the Plaintiffs. Therefore, the Court finds that Plaintiffs and the proposed SLM class meet the typicality requirement of Rule 23(a)(3).

D. Adequacy

"The final hurdle interposed by Rule 23(a) is that 'the representative parties will fairly and adequately protect the interests of the class.'" Hanlon, 150 F.3d at 1020 (quoting Fed. R. Civ. P. 23(a)(4)). "Resolution of two questions determines legal adequacy: (1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" Id. Factual differences in the merits of the named plaintiffs' underlying claims do not necessarily affect the plaintiffs' ability vigorously to represent the class. Walters v. Reno, 145 F.3d 1032, 1046 (9th Cir. 1997).

Rexam argues that Plaintiffs' goals are counter to those of class members who retired under Pre-1991 Plans because the language in the Pre-1991 Plans could be used to support the argument that only the Post-1991 Plans provide for vested lifetime benefits. This would incidentally prove that the Pre-1991 Plans did not provide for lifetime benefits and thereby harm the interests of class members who retired under Pre-1991 Plans.

However, Plaintiffs have other evidence that Post-1991 Plans provided lifetime benefits for retirees, such as Mr. Howell's testimony. Rexam's speculation that Plaintiffs' interests might become adverse to Pre-1991 class members is therefore not supported by the record.

9

Rexam relies on Mayfield v. Dalton, 109 F.3d 1423 (9th Cir. 1997). In Mayfield, however, the court found that there were undoubtedly members of the proposed class who were in favor of the challenged practice and would want it to continue. Id. at 1427. Mayfield is distinguishable because Plaintiffs are pursuing recovery of lifetime benefits for the entire class. There is no reason why class members who retired under Post-1991 Plans would favor Rexam's termination of other class members' benefits. There are no class members who stand to benefit, financially or otherwise, from the termination of benefits.

Plaintiffs and their counsel have shown that they will be able to represent vigorously the interests of the class. Plaintiffs from the SLM Class have declared that they are willing and able to prosecute this case and suffer no impairments that would prevent them from doing so. (Angotti Decl. ¶¶ 9,10; Borrero Decl. ¶¶ 11,12; Griffith Decl. ¶¶ 10,11.) Accordingly, the Court finds that Plaintiffs have met the adequacy requirement of Rule 23(a)(4).

E.   Rule 23(b)(1)

In addition to the requirements of Rule 23(a), a proposed class must also meet one of the three requirements of Rule 23(b). Plaintiffs seek to have the class certified under Rule 23(b)(1) or (2). To certify a class pursuant to Rule 23(b)(1), a court must find that rulings in separate actions would establish incompatible standards of conduct for the defendant or that rulings in the first

10

in a series of actions would alter the substantive rights of those with similar claims. Fed. R. Civ. P. 23(b)(1). If each of the 273 proposed SLM class members were forced to adjudicate his or her claim individually, there is a significant risk of inconsistent judgments. Therefore, the Court finds that Plaintiffs have met the requirements of Rule 23(b)(1).

      F.    Division of the class into subclasses is inappropriate at the class certification stage

As noted above, it is improper to advance a decision on the merits at the certification stage. Rexam's argument that the SLM Class should be divided into two subclasses presumes that the Pre-1991 Plan does not provide for vested lifetime benefits. However, the Court has yet to make that finding and to do so at this stage would be an inappropriate decision on the merits. Without this assumption, there is no basis for differentiating between class members who retired under Pre-1991 Plans and those who retired under Post-1991 Plans. Therefore, dividing the SLM Class into subclasses is inappropriate at this stage.

II.    Certification of the Kent/Vancouver/Gary Class

Rexam does not oppose certification of the Kent/Vancouver/Gary class (KVG class). The Court finds that Plaintiffs have met the requirements for class certification of Rule 23(a) and (b).

11

III. Appointment of Class Counsel

Rexam does not oppose appointment of Sally M. Tedrow, Francis J. Martorana and Jennifer R. Simon of the law firm of O'Donoghue & O'Donoghue LLP as counsel for the SLM and KVG Classes. The Court finds that the proposed class counsel have met the requirements for appointment of class counsel of Rule 23(g).

CONCLUSION

For the foregoing reasons, the Court grants Plaintiffs' motion for certification of the classes as Plaintiffs have defined them and appointment of class counsel (Docket No. 129).

IT IS SO ORDERED.

Dated: 9/20/06

CLAUDIA WILKEN
United States District Judge