Sally M. Tedrow, Esq., pro hac vice
stedrow@odonoghuelaw.com
Francis J. Martorana, Esq., pro hac vice
fmartorana@adonoghuelaw.com
O'DONOGHUE & O'DONOGHUE LLP
4748 Wisconsin Avenue, N.W.
Washington, D.C. 20016
(202) 362-0041:  Telephone
(202) 237-1200:  Facsimile
Attorneys for Plaintiffs and Class

James P. McLoughlin, Jr. (N.C. Bar No. 13795) (admitted pro hac vice)
jimmcloughlin@mvalaw.com
Alton L. Gwaltney, III (N.C. Bar No. 32394) (admitted pro hac vice)
larrygwaltney@mvalaw.com
Mark A. Nebrig (N.C. Bar No. 28710) (admitted pro hac vice)
MOORE & VAN ALLEN PLLC
100 North Tryon Street, Suite 4700
Charlotte, NC  28202-4003
Telephone:  (704) 331-1000
Facsimile:  (704) 331-1059
Attorneys for Defendant Rexam Inc.

(Local Counsel Identified in Record)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERENICE ANGOTTI, DANIEL BORRERO, RALPH E. COWLEY, JACK GRIFFITH, DONALD S. MUELLER, KENT D. RUSSELL, SR., BERNARD W. SCHREINER, and RAYMOND VALLI, on Behalf of Themselves and Others Similarly Situated,<br><br>        Plaintiffs,<br><br>   v.<br><br>REXAM INC. and REXAM INC. PENSION AND BENEFITS COMMITTEE,<br><br>        Defendants. | Case No. 4:05-CV-05264-CW<br><br><br><br><br><br>**ORDER GRANTING PRELIMINARY APPROVAL AND SETTLEMENT HEARING** |

1

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL AND SETTLEMENT HEARING

## ORDER GRANTING PRELIMINARY APPROVAL
## AND SETTLEMENT HEARING

The joint motion of the Settling Parties for an order preliminarily approving a class action settlement and setting a settlement hearing came on for hearing on or about May 3, 2007. The Court has considered the Stipulation Regarding Settlement of Class Action (and its exhibits), the submissions of counsel, and all other papers filed in this action. The matter having been submitted and good cause appearing therefore:

The Court finds as follows:

1. All defined terms contained herein shall have the same meanings as set forth in the Stipulation Regarding Settlement of Class Action executed by the Settling Parties and filed with this Court (the "Stipulation");

2. The Class Representatives and Rexam, through their counsel of record in the Litigation, have reached an agreement to settle all claims in the Litigation;

3. By order dated September 20, 2006, the Court found that the Class (comprised of the two certified classes) meets the requirements for certification under Rule 23 of the Federal Rules of Civil Procedure: (a) the Class (each certified class) is ascertainable and so numerous that joinder of all members of the Class is impracticable; (b) there are questions of law or fact common to the Class (each certified class), and there is a well-defined community of interest among members of the Class (each certified class) with respect to the subject matter of the Litigation; (c) the claims of Class Representatives are typical of the claims of the members of the Class (members of their respective certified class); (d) the Class Representatives will fairly and adequately protect the interests of the Members of the Class; (e) a class action is superior to other available methods for an efficient adjudication of this controversy; and (f) the counsel of record for the Class Representatives is qualified to serve as counsel for the Class Representatives in their own capacities as well as their representative capacities and for the Class;

4. The moving parties also have presented to the Court for review a Stipulation Regarding Settlement of Class Action. The Stipulation is within the range of reasonableness and meets the requirements for preliminary approval; and

5. The moving parties have also presented to the Court for review a plan to provide notice to the proposed Class of the terms of the settlement and the options facing the Class including to be represented by counsel of their choosing or to object to the Settlement. The notice will be mailed to all Class Members at their Last Known Addresses. The notice plan proposed by the Settling Parties is the best practicable under the circumstances.

Good cause appearing therefore, IT IS HEREBY ORDERED that:

1. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Stipulation of Settlement is preliminarily approved;

2. Notice of the proposed settlement and the rights of Class Members shall be given by mailing of the Notice to Class Members Regarding Settlement of a Class Action by first class, postage prepaid, to all Class Members pursuant to the applicable provisions in the Stipulation. Rexam shall provide the Claims Administrator with the information necessary to conduct this mailing as set forth in the Stipulation;

3. A hearing shall be held before this Court on **September 6, 2007 at 2:00 p.m.** to consider whether the settlement should be given final approval by the Court:

(a) Written objections by Class Members to the proposed settlement will be considered if received by the Claims Administrator on or before the Notice Response Deadline;

(b) At the Settlement Hearing, Class Members may be heard in opposition to the settlement if they have previously submitted a timely written objection;

(c) Class Counsel and counsel for Rexam should be prepared at the hearing to respond to objections filed by Class Members and to provide other information as appropriate, bearing on whether or not the settlement should be approved; and

4. In the event that the Effective Date occurs, the Settling Parties and all Class Members will be deemed to have forever released and discharged the Released Claims. In the event that the Effective Date does not occur for any reason whatsoever, the Stipulation shall be deemed null and void and shall have no effect whatsoever.

1 | PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: _5/3/07_____       _____
                                      The Honorable Claudia Wilken
                                      United States District Judge